# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FLORINE HICKS,

        Petitioner,

      v.                                  Case No. 02-C-763

STATE OF WISCONSIN,

        Respondent.

## OPINION AND ORDER

Florine Hicks, who was in the custody of the State of Wisconsin when she commenced this action, is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2000, Hicks was convicted by a jury of transporting and disposing of hazardous waste without a license. She was sentenced to six months of confinement in the Milwaukee County House of Correction followed by five years of probation. Hicks claims that she was denied effective assistance of counsel in violation of her rights under the Sixth Amendment to the United States Constitution. The Respondent has answered and has denied that Hicks is entitled to relief.

## I. BACKGROUND

In denying Hicks' appeal, the Wisconsin Court of Appeals set forth the following background of the case underlying Hicks' conviction and sentence. These facts are presumed to be correct, because they are uncontroverted by Hicks:

> Florine Hicks appeals from a judgment of conviction for transportation and unlicensed storage of hazardous waste, and from an order denying postconviction relief. The state public defender appointed Attorney Ellen Henak as Hicks's appellate counsel. Attorney Henak filed and served a no merit report pursuant to Anders v. California, 386 U.S. 738 (1967) and WIS. STAT. RULE 809.32(a) (amended July 1,

2001). Hicks elected not to respond. After an independent review of the record as mandated by Anders, this court concludes that further proceedings would lack arguable merit.

A jury found Hicks guilty of transporting hazardous waste to an unlicensed facility, contrary to WIS. STAT. §291.97(2)(b)1 (1995-96), and unlicensed storage of hazardous waste, contrary to WIS. STAT. § 291.97(2)(b)2 (1997-98). the trial court imposed and stayed two five-year concurrent sentences, and imposed two five-year concurrent terms of probation with various conditions. The more significant conditions of Hicks's probation were that: (1) she pay restitution to the Wisconsin Department of Natural Resources for the cost of proper waste disposal; (2) as a corporate officer, she liquidate the assets of Waste and Recovery Material, Ltd., within four months and pay the corporate fines; (3) she serve six months in the House of Corrections with work release privileges, pursuant to WIS. STAT. §303.08(2) (1999-2000); and (4) she was precluded from self-employment.[1] Hicks periodically sought to modify various aspects of the condition of her probation barring self-employment. The trial court repeatedly denied those motions. Hicks also sought a new trial. After an evidentiary hearing, the trial court also denied that motion.

In the no merit report, appellate counsel addresses: (1) the trial court's exercises of discretion in: (a) admitting evidence that Hicks had nine hazardous waste drums on her property although they were not the subject of criminal charges; (b) refusing to adjourn the trial or sentencing; (c) refusing to allow Hicks to proceed pro se, and(d) modifying

---

[1] All references to the Wisconsin Statutes are to the 1999-2000 version unless otherwise noted.

The trial court precluded Hicks from self-employment, or employment with a corporation in which she held a principal interest, because of its assessment of her character, including her "lack of self-discipline, [and her inability to deal with the truth." The trial court permitted Hicks, however, to do whatever was reasonably necessary to release Waste and Recovery Material, Ltd., from an existing four-year contract. The trial court also mentioned that the Department of Corrections could seek to modify the condition of probation precluding self-employment if it was seemingly too restrictive.

2

> the conditions of Hicks's probation to also preclude her from obtaining employment with her sister, the owner of a corporation related to Waste and Recovery Material, Ltd.; (2) the sufficiency of the evidence, and (3) the trial court's denial of Hicks's motion for a new trial, in which Hicks claimed that the absence of defense testimony from Ramalingam S. Iyer and Michael William Phipps prevented the real controversy from being fully tried, and constituted ineffective assistance of counsel. We agree with appellate counsel's extensive description and analysis, which includes an analysis of the trial court's exercise of sentencing discretion, and we independently conclude that pursuing these potential issues would lack arguable merit.
>
> Upon our independent review of the record as mandated by Anders, we conclude that there are no other potentially meritorious issues and that further proceedings would lack arguable merit. Accordingly, this court affirms the judgment of conviction and the postconviction order, and relieves Attorney Henak from further representing Hicks in this appeal. See WIS. STAT. RULE 809.32(3).

State v. Hicks, No. 01-2322-CRNM (Wisconsin Court of Appeals March 18, 2002), review denied, (Wisconsin Supreme Court June 11, 2002).

The Wisconsin appellate court based its opinion on the effectiveness of counsel issue on the findings of fact made by the trial court following a postconviction hearing. The trial court stated:

> THE COURT: Well, the obvious standard for ineffective assistance of counsel is the Strickland case in which it has to be demonstrated that trial counsel was deficient and that his deficient performance was prejudicial to the defendant.
>
> Mr. Koltz testified as to his meetings with Miss Hicks. There was some distance between them because his office is in Oconomowoc. Although they did meet in person at least twice in his office and had a number of telephone conversations. They met here in the courthouse person to person.

3

The period of time that with which Miss Hicks was charged with failing to remove those drums was over two years. Her defense was that she was prevented from removing those drums.

The allegation is that if she could have called Mr. Phipps and Mr. Iyer that the jury would have been aware of the fact that she was prevented from moving those drums.

But Mr. Fowlkes testified and testified truthfully apparently that he did prevent those drums from being removed, that he would not relinquish the drums unless he was paid for the storage fees that were due him.

And so that information was before the jury. Miss Hicks testified to the same circumstance.

Mr. Koltz – I'm sorry. Am I pronouncing his name correctly? Attorney Koltz, yes. Mr. Koltz testified that he was concerned that he called Mr. Iyer that that would open the door to information which could be used to at least investigate and perhaps charge Miss Hicks with a criminal offense.

Even though some of that information was brought out. That period of time that those drums were there and the number of drums on which a limit had been placed by Judge Lamelas may have been opened by calling Mr. Iyer as a witness.

At least – whether that strategy was a viable one or not, at least it was one that he had considered and thought about. And it was a strategy that he felt was in the best interest of Miss Hicks.

Miss Hicks didn't reveal until the morning of trial that there may have been a truck driver whose name and address she didn't know or at least didn't have on the morning of trial that would have confirmed the fact that he was sent over to pick up the drums but was not allowed to do so.

4

> But the jury was already aware of that. And if not cumulative, I don't think that that testimony would have changed the results.
>
> So I'm satisfied based on the testimony that's been offered here that Mr. Koltz's representation of Miss Hicks was not deficient.
>
> And even if those witnesses had been called, I'm satisfied that on the basis of the facts that have been presented to this court and the facts that were presented to the jury that the outcome of the case would not have been different. And, therefore, any failure to call those witnesses was not prejudicial.
>
> I think and I find that that was part of Mr. Koltz's strategy, and he explained why he did what he did. And under the circumstances looking at it from the prospective of Mr. Koltz at the time that the trial was in progress, it seems to me was a reasonable strategy.
>
> Obviously one in hindsight can look back and nitpick every witnesses's testimony, every thought, every strategy that was employed. But looking at it from his prospective [sic] at the time, I believe that his performance was not deficient and neither was it prejudicial. . . .

Answer to Petition for Writ of Habeas Corpus at Exhibit N, pp. 76-79. <u>State v. Hicks</u>, No. 01-2322-CRNM (Wisconsin Court of Appeals March 18, 2002), <u>review denied</u>, (Wisconsin Supreme Court June 11, 2002).

After the Wisconsin Court of Appeals rejected Hicks's appeal, the Wisconsin Supreme Court denied review. Hicks then petitioned for a writ of habeas corpus in this court where she failed to comply with the court's order to file a supporting brief. <u>See</u> Order of August 29,, 2002. Instead, she filed two interlocutory appeals which the Seventh Circuit refused to hear. When she returned to this court, Hicks was given another opportunity to file a supporting brief. <u>See</u> Order of February 16, 2005. However, no timely brief has been filed, so the court concludes that Hicks has waived

5

her right to file a brief. The Respondent has moved to dismiss on the ground of lack of prosecution. Hicks has also failed to file a timely response to that motion.

## II. LEGAL STANDARDS FOR COLLATERAL REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), a federal court will not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1-2) (2003). See also Williams v. Taylor, 529 U.S. 362, 402-03 (2000).

A state decision is "contrary to" clearly established federal law if the state court applies the incorrect rule of law or confronts facts that are materially indistinguishable from a relevant Supreme Court case and arrives at the opposite result. Id. at 405-406. A state decision involves an unreasonable application of Supreme Court precedent if it identifies the correct governing legal rule but applies that rule unreasonably to the facts of a particular case. Id. at 407-08. This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect. Id. at 411-12. See also Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (state court determination may not be overturned simply because it is incorrect); Dixon v. Snyder, 266 F.3d 693, 700 (7th Cir. 2001) (the state court decision must be both

6

incorrect and unreasonable to be overturned); Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir.) (state decision may stand as long as it is one of several reasonable outcomes), cert. denied, 522 U.S. 907 (1997). Additionally, a state court's determination of factual issues is presumed correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S. C. § 2254(e)(1) (2003).

### III. DISCUSSION AND DECISION

In this case, Hicks claims that her trial attorney was ineffective for failing to inform the jury that she owned a particular building and for failing to call Ramalingan S. Iyer and Michael William Phipps as witnesses. The Wisconsin Court of Appeals employed the standards set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) in analyzing her claims. Under Strickland's two-pronged test, a petitioner must first show that the performance of counsel fell outside the "range of competence demanded of attorneys in criminal cases" – i.e., that it "fell below an objective standard of reasonableness." Id. at 687-88 (quotations omitted). Under this first "performance" prong, courts are to "indulge a strong presumption" of competence such that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (quotations omitted). Under the second prong of the test, the defendant must demonstrate prejudice – "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

7

Under the AEDPA a state prisoner who petitions for a writ of habeas corpus must establish that the state court adjudication of her case was "contrary to, or involved an unreasonable application of clearly-established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In this case it is clear from the record that the Wisconsin Court of Appeals properly identified and applied Strickland as the proper legal standard governing Hicks' ineffective assistance claim. Thus, unless the state appellate court unreasonably applied the Strickland standard, Hicks' petition cannot be granted. See Bell v. Cone, 535 U.S. 685, 686-87 (2002).

The bar for establishing that a state court's application of the Strickland standard was "unreasonable" is a high one. Only a clear error in applying Strickland will support a writ of habeas corpus. See Dixon v. Snyder, 266 F.3d 693, 700-01 (7th Cir. 2001). If the state court produced a result within the range of defensible positions, the writ must be denied. See Mendiola v. Schomig, 224 F.3d 589, 591 (7th Cir. 2000), cert. denied, 533 U.S. 949 (2001).

Hicks has not rebutted any of the findings of the state court; therefore, the factual determinations, including the credibility determinations, are presumed to be correct. See Collier v. Davis, 301 F.3d 843, 848 (7th Cir. 2002), cert. denied, 537 U.S. 1208 (2003). The criterion for assessing the reasonableness of a state court's application of Supreme Court case law, pursuant to Section 2254(d)(1), is whether the determination is at least minimally consistent with the facts and circumstances of the case. See Sanchez v. Gilmore, 189 F.3d 619, 623 (7th Cir. 1999).

In this case it was not unreasonable for the state courts to conclude that Hicks' attorney provided adequate representation based upon the trial court's findings that not offering testimony concerning ownership of a building and not calling Iyer and Phipps as witnesses were reasonable trial tactics which the attorney had considered and thought about. If the two witnesses' testimony had been offered, it would have been cumulative. Addressing the second prong of Strickland, the trial court found that, had this testimony been presented, it would not have changed the outcome.

In sum, the Wisconsin court's decision was not contrary to or an unreasonable application of Strickland and the decision was based upon a reasonable determination of the facts presented in the state courts. Therefore, this court will deny Hicks' Petition for a writ of habeas corpus. The court will also dismiss the petition for lack of prosecution.

## **ORDER**

For the reasons explained above, the court ORDERS that the "Respondent's Motion to Dismiss 28 U.S.C. § 2254 Proceeding for Lack of Diligence" (filed April 1, 2005) IS GRANTED.

IT IS FURTHER ORDERED that Florine Hicks' "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (filed August 2, 2002) IS DENIED and that THIS ACTION IS DISMISSED UPON ITS MERITS.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Petitioner Florine Hicks brought her writ of habeas corpus before the court, the Honorable Thomas J. Curran, District Judge presiding, and the Petition having been denied and dismissed,
>
> It Is Ordered and Adjudged
>
> that this action is dismissed upon its merits.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 9th day of May 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge